In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00160-CV
______________________________


THE CITY OF PARIS, TEXAS, Appellant
 
V.
 
BOBBY FLOYD AND L. C. BROWN CONSTRUCTION, Appellees


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 70956


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N
            All agree that extraordinarily heavy rainfall overwhelmed part of the City of Paris sewer
system under construction—and its lift station containing motor-driven pumps—near Bobby Floyd's
rental house occupied by tenants, Shawn and Amy Philpot. As a result, raw sewage flowed into the
house, along with rainwater and silt.
            Floyd sued L. C. Brown Construction and the City of Paris, alleging that an inadequately
supervised Brown negligently failed to close its excavation and to install certain components in the
system; that the City failed to properly operate, use, and maintain the system, including the motor-driven pumps in the lift station; that the City failed to use sufficient equipment in the system; and
that the City negligently misused the lift station and its motor-driven pumps to attempt to transport
storm waters, rather than just the sewage for which they were designed. The Philpots intervened as
parties plaintiff, with similar allegations. The trial court denied the City's request that the claims
against it be dismissed for want of jurisdiction based on sovereign immunity.
            The City asks this Court to dismiss the claims against it based on its plea to the jurisdiction
because (1) it is not liable vicariously for Brown's actions, because Brown was an independent
contractor as set out by the written contract, and there is no evidence of actions by Brown and the
City which would allow a finding of the right of the City to control Brown's activities; (2) sovereign
immunity was not waived because plaintiffs allege only a "non-use" of motor-driven equipment, not
an "operation or use" of that equipment; (3) no City employee could be liable because none could
have stopped the flooding from occurring in the Floyd house; and (4) no City employee was
identified in the pleadings. We reject the City's arguments and affirm the trial court's denial of the
City's requested dismissal. We address the City's arguments in turn, but first we set out relevant law
on sovereign immunity and how we are to review motions to dismiss which assert sovereign
immunity.
Sovereign Immunity and Appellate Review of Pleas to the Jurisdiction
            A governmental unit is not liable for the torts of its officers or agents without a constitutional
or statutory provision waiving sovereign immunity. Dallas Co. Mental Health & Mental Retardation
v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998). In a limited waiver of sovereign immunity arguably
applicable   here,   the   Texas   Tort   Claims   Act   provides  that  a  governmental  entity  is  liable
 if "(A) . . . property damage . . . arises from the operation or use of . . . motor-driven equipment; and
(B) the employee would be personally liable to the claimant according to Texas law. . . ." Tex. Civ.
Prac. & Rem. Code Ann. § 101.021(1) (Vernon 1997).
            Unless sovereign immunity has been waived, the immunity defeats the trial court's
jurisdiction, and a plea to the jurisdiction is in order. Harris County v. Sykes, 136 S.W.3d 635, 638
(Tex. 2004); Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225–226 (Tex. 2004). The
petitioner in a lawsuit must allege facts that affirmatively demonstrate the court's jurisdiction to hear
the cause of action. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
Whether a court has subject matter jurisdiction is a question of law. Tex. Natural Res. Conservation
Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). Whether a pleader has alleged facts that
affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de
novo. In some cases, however, disputed evidence of jurisdictional facts may require resolution by
the finder of fact. Miranda, 133 S.W.3d at 226.
            The Texas Supreme Court in Miranda set out how we should review trial court rulings on
pleas to the jurisdiction, and our review is to differ depending on whether the plea challenges the
pleadings or the evidence. See id. at 226–28.
            If the plea challenges the pleadings, we determine whether the pleading alleges facts
affirmatively demonstrating the court's jurisdiction, and in that pursuit we construe the pleadings
liberally in favor of the pleader. If the pleadings insufficiently demonstrate jurisdiction, but could
be made sufficient by amendment, an opportunity to amend should be allowed. On the other hand,
if the pleadings affirmatively negate jurisdiction, dismissal is proper without the opportunity to
amend. Id.
            If the plea challenges the existence of jurisdictional facts, there are three alternatives. First,
the trial court has discretion to determine whether a jurisdictional disposition should be made at a
preliminary hearing or later, after the case has been more fully developed. Second, if the evidence
is conclusive or uncontroverted, the plea should be ruled on as a matter of law. Third, if there is a
fact issue, the preliminary plea is properly denied. Id. 
1. Brown's Independence was not Conclusively Proven
            The City first argues that Brown was an independent contractor, as set out by the written
contract, and that there is no evidence of control exerted by the City sufficient to support a finding
that, notwithstanding the contract, the City had the right to control Brown's activities.  
            The test for determining whether an employment or an independent contractor relationship
exists is whether the purported employer has a right to control the details of the person's work. Shell
Oil Co. v. Khan, 138 S.W.3d 288 (Tex. 2004); St. Joseph Hosp. v. Wolff, 94 S.W.3d 513, 542 (Tex.
2003); INA of Tex. v. Torres, 808 S.W.2d 291, 293 (Tex. App.—Houston [1st Dist.] 1991, no writ). 
When a contract establishes an independent contractor relationship, evidence outside the contract
may be produced to show that, despite the contract terms, the true operating agreement vested the
right of control in the principal. Newspapers, Inc., v. Love, 380 S.W.2d 582, 592 (Tex. 1964).
            Sporadic action directing the details of the work will not destroy the agent's independence
provided by the contract. Id. at 588. An occasional assertion of control should not destroy a settled
independent contractor relationship agreed to by the parties. Id. The true test is the right of control,
and exercise of control is evidentiary only. Id. Otherwise, contract rights and relationships based
thereon would be destroyed. Id. The assumption of exercise of control must be "so persistent and
the acquiescence therein so pronounced" as to raise an inference that, when the incident occurred,
the parties by implied consent had agreed that the principal had the right to control the details of the
work. Id.; Farrell v. Greater Houston Transp. Co., 908 S.W.2d 1, 3 (Tex. App.—Houston [1st
Dist.] 1995, writ denied).



            Floyd does not contest the existence of the contract, but argues instead that, at this point in
the proceeding, he has not had any opportunity for discovery that could reveal whether the City
exercised actual control over the activities of the contractor. At the hearing on the City's motion to
dismiss, Floyd relied on the City of Saginaw v. Carter, 996 S.W.2d 1 (Tex. App.—Fort Worth 1999,
writ dism'd w.o.j.), in arguing that a sovereign immunity claim cannot be granted before parties have
had an opportunity to conduct discovery. The City argued the sovereign immunity issue should be
determined before the City should be required to respond to discovery.


 
            This proceeding remains at an early stage. With the development of additional evidence
through discovery, it is possible, under these pleadings, that Floyd might show the negligence of
Brown's workers is imputable to the City, or that Floyd might independently show the negligence
of City employees contributed to the improper use of the motor-driven equipment, or that the City's
operation of the lifts was negligent in itself. Floyd is not required, at this preliminary stage, to try
his case on the merits, given the trial court's discretionary refusal to dismiss the case. See Miranda,
133 S.W.3d at 227–28 (trial court has discretion to allow development at preliminary stage of case);
cf. Tex. R. Civ. P. 166a(i) (no-evidence summary judgment may be pursued only after adequate
discovery time).
            We hold the trial court was within its discretion in determining that, at this early stage of the
proceedings, the case has not been sufficiently developed and that plaintiffs may, with adequate
discovery, be able to produce evidence that would show that, in practice, the City exercised the right
to control Brown's actions. Even if plaintiffs fail in that regard, other causes of action charge direct
negligence of the City independent of Brown, which, too, might be developed with adequate
discovery.
            The trial court did not err by denying the City's motion on this basis.
2. Plaintiffs Adequately Alleged an "Operation or Use" of Motor-Driven Equipment
            The City next asserts that plaintiffs essentially allege only a "non-use" of motor-driven
equipment, not an "operation or use" of that equipment as required by Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(1)(A). We disagree.
            The lift station's pumps are motor driven, and thus fall within the generic definition of the
Code. See 4 DG's Corp v. City of Lockney, 853 S.W.2d 855 (Tex. App.—Amarillo 1993, no writ). 
The question is whether Floyd's and the Philpots' pleadings sufficiently allege operation or use of
those pumps. Floyd's operative pleading, Plaintiff's Third Amended Petition, in its paragraph V,
alleges the operation or use of motor-driven equipment by asserting the City and its "agent(s)" were
negligent
                        e.In failing to properly operate, use, maintain, or install the
electric pumps within the Lift Station such that they could control the
water entering the system through Brown Construction's open
excavation. In that regard, Plaintiff alleges that said Lift Station and
its electric motors to transport storm runoff water, for which use they
were not designed, were in fact "motor driven equipment" as that
term is defined by Tex. Civ. Prac. & Rem. §101.021(1) and
§101.215(32);
                        f.In failing to operate, use, maintain, or install sufficient
equipment within the Lift Station to handle water such as that which
entered into the system on the occasion in question; and
                        g.In operating and/or using said Lift Station and its electric
motors to transport storm runoff water, for which use they were not
designed.
The Philpots' operative pleading, Second Amended Plea in Intervention, in its paragraph X, alleges
the operation or use of motor-driven equipment by asserting the City and its "agent(s)" were
negligent
                        e.In failing to properly maintain the electric pumps within the
Lift Station such that they could control the water entering the system
through Brown Construction's open excavation. In that regard,
Intervenors allege that said Lift Station and its electric motors to
transport storm runoff water, for which use they were not designed,
were in fact "motor driven equipment" as that term is defined by Tex.
Civ. Prac. & Rem. §101.021(1) and §101.215(32);
                        f.In operating the electric pumps at the Lift Station and sewer
lines to pump rain water overflow when the pumps and lines were
only designed for sewage;
                        g.In failing to operate the electrical pumps effectively at a time
when the line was exposed to rainwater overflow; and
                        h.In operating an electrical [sic] pump that was of insufficient
size and capacity to handle rainwater overflow and in failing to
operate, use, install or maintain sufficient motorized equipment
within the Lift Station to handle water such as that which entered the
premises in question.

                                    . . . .
 
Intervenors contend that the motor-driven pumps are motor-driven equipment
as defined by the TTCA.
            Reading the pleadings in the light most favorable to the nonmovants, Miranda, 133 S.W.3d
at 226–27, we hold they are sufficient to raise an issue of whether the City was negligent in its
operation or use of motor-driven equipment.
3. Inevitability of Damages has not been Conclusively Proven
            The City next asserts that no City employee could be liable, because none could have stopped
the flooding from occurring in the Floyd house. While evidence may ultimately be produced that
demonstrates that result, at this stage of the case, that has not been conclusively proven. The trial
court was within its discretion in refusing to dismiss on this basis as well. Id.
4. Failure to Identify any City Employee in Pleadings does not Require Dismissal
            Finally, the City asserts that no City employee was identified in the pleadings and therefore
the case must be dismissed because of that pleading defect. We disagree.
            Again, this is a prediscovery or early discovery situation, and the trial court was faced with
allegations that the City has not been particularly forthcoming with such information. The pleadings
are thus sufficient to allege liability, in the face of a motion to dismiss for lack of jurisdiction, and
the trial court was within its discretion in refusing to dismiss the case this early. Id.
            The City also complains because the pleadings speak only of "agents" of the City in
connection with allegations of negligence. We presume that the City is equating agents to
employees. While that complaint might be made the subject of a special exception, agents may well
also be employees.
Conclusion
            In light of the plaintiffs' pleadings and the early stage of the case, as shown by the lack of
meaningful discovery, we conclude the trial court did not abuse its discretion by overruling the
motion to dismiss. 
            We affirm the order denying the motion to dismiss.
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          September 29, 2004
Date Decided:             October 26, 2004