In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00142-CV


______________________________





IN RE:


GLADEWATER HEALTHCARE CENTER, 

IN ITS ASSUMED OR COMMON NAME, ET AL.







 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Relators, corporate healthcare entities operating nursing homes in Upshur County, have filed
in this Court petitions for writs of mandamus relating to four long-pending healthcare liability
actions. In this cause, a companion case to In re Gladewater Healthcare Center, cause number 06-08-00141-CV, Relators challenge the trial court's denial of a motion to dismiss trial court cause
number 546-03 styled McCary v. Gladewater Healthcare Center. The cause was originally filed in
August 2003, as were the other three pending cases.

 We note that in this cause, we have nothing in the record that would suggest the trial court
had set a date for trial. This fact could distinguish the instant case from the cause examined in our
cause number 06-08-00141-CV, the opinion issued this same day. We believe such a distinction
could be relevant under other circumstances to the application of the Texas Supreme Court's
discussion of reasons why review of these claims by mandamus would be unavailable:

 For many of the same reasons, we acknowledge that mandamus review should not
be granted in every pre-2003 case. The statute was intended to preclude extensive
discovery and prolonged litigation in frivolous cases; review by mandamus may
actually defeat those goals if discovery is complete, trial is imminent, or the existing
expert reports show a case is not frivolous. But if the legislative purposes behind the
statute are still attainable through mandamus review, Texas courts should not
frustrate those purposes by a too-strict application of our own procedural devices.

 

 In re McAllen Med. Ctr., Inc., No. 05-0892, 2008 Tex. LEXIS 759, at *19 (Tex. Aug. 29, 2008)
(orig. proceeding). 

 Here, however, considering the other factors mentioned in McAllen Medical Center (the
length the case has been pending, the adequacy of the expert reports, and the time for discovery), we
believe that the outcome in the instant case remains the same. Further, the trial court's denial of the
motion to dismiss this case is not a clear abuse of discretion for the same reasons as discussed in
In re Gladewater Healthcare Center, cause number 06-08-00141-CV. That is, the expert reports
filed in this case are also sufficiently detailed such that the trial court was not required to dismiss the
cause of action. That said, the petition for writ of mandamus in this cause is, likewise, denied.





 Bailey C. Moseley

 Justice


Date Submitted: February 24, 2009

Date Decided: February 25, 2009



65" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00076-CV

                                                ______________________________

 

 

                                          ETHEL CUMBIE,
Appellant

 

                                                                V.

 

                                  CITY OF GRAND SALINE, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 294th
Judicial District Court

                                                         Van
Zandt County, Texas

                                                          Trial Court
No. 09-00576

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Ethel Cumbie
had a rude awakening on Easter Sunday 2009. 
Cumbie awoke that morning to find sewage flowing throughout her house,
allegedly a backup of sewer lines of the City of Grand Saline[1]
(City).  Claiming this had happened twice
before, Cumbie sued the City for negligence in the proprietary functions of
operating and maintain[ing] the sewer system, and alleged it was improperly
installed.  Cumbie sought economic
damages to her home in the amount of $17,000.00, damages for health problems
experienced from exposure to raw sewage, and damages for mental anguish.[2]  To the Citys plea to the jurisdiction
asserting governmental immunity, the trial court dismissed Cumbies action and
denied her post-judgment motion.

            Cumbie
appeals the trial courts actions. 
Because we find the trial court correctly determined it was without
jurisdiction to hear Cumbies claims, we affirm its judgment.

            Faced with a
plea to the jurisdiction, Cumbie had the burden of alleging facts that
affirmatively established the trial courts subject-matter jurisdiction.  See
Tex. Dept of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 22526 (Tex. 2004); City of Paris v. Floyd, 150 S.W.3d 224, 226 (Tex. App.Texarkana
2004, no pet.) (citing Tex. Assn of Bus.
v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993)).

 

            We review de
novo the question of whether the trial court had subject-matter jurisdiction. Tex. Natural Res. Commn v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002).  In
determining whether jurisdiction exists, we accept the allegations in the
pleadings as true and construe them liberally in favor of Cumbie.  Miranda,
133 S.W.3d at 227; Tex. Assn  of Bus., 852 S.W.2d at 446; Floyd, 150 S.W.3d at 226.  If her pleadings insufficiently demonstrated
jurisdiction, but could be made sufficient by amendment, an opportunity to
amend should be allowed if requested.  County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002); Floyd, 150
S.W.3d at 226.  On the other hand, if the
pleadings affirmatively negated jurisdiction, dismissal was proper without the
opportunity to amend.  Brown, 80 S.W.3d at 555; Floyd, 150 S.W.3d at 226.[3]

            The trial
court, before allowing the litigation to proceed, must determine at its
earliest opportunity whether it has the constitutional or statutory authority
to decide the case.  Miranda, 133 S.W.3d at 224. 
The City was immune from suit for its governmental actions unless that
immunity was waived.  Id.; City
of Dallas v. Jennings, 142 S.W.3d 310, 315 (Tex. 2004).  Operation of a sewer system is a governmental
function.  Jennings, 142 S.W.3d at 315; see
Tex. Civ. Prac. & Rem. Code Ann.
§ 101.0215(a)(32) (Vernon 2005); City of
Texarkana v. Taylor, 490 S.W.2d 191, 192 (Tex. Civ. App.Texarkana 1972,
writ refd n.r.e.) (municipality immune from suit alleging negligence in
maintenance and operation of sewer system);
see 42 Tex. Jur. 3d Government Tort
Liability § 63 (2010).

            To determine
whether there was a clear waiver of governmental immunity, we examine the
Texas Tort Claims Act, which provides a limited waiver of sovereign immunity
and allows suits against governmental units only in certain narrow
circumstances.  Jennings, 142 S.W.3d at 315; Tex.
Dept of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  Unless governmental immunity was waived, a
plea to the jurisdiction should be granted. 
Floyd, 150 S.W.3d at 226
(citing Harris County v. Sykes, 136
S.W.3d 635, 638 (Tex. 2004)).

            Governmental
immunity is waived for: 

 

(1)        property damage, personal injury, and
death proximately caused by the wrongful act or omission or the negligence of
an employee acting within his scope of employment if:

 

(A)       the property damage, personal injury, or
death arises from the operation or use of a motor-driven vehicle or
motor-driven equipment; and

 

(B)       the employee would be personally liable
to the claimant according to Texas law; and

 

(2)        personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.

 

Tex. Civ. Prac. &
Rem. Code Ann. § 101.021 (Vernon 2005). 
Under subsection one, to recover for property damage and any personal
injury caused by negligent installation, operation, and/or maintenance of the
sewer system, Cumbie had to allege that the negligence was caused by the
operation or use of a motor-driven vehicle or equipment.  Our review of the record reveals no such allegation.  Because Cumbie pled no facts that could
trigger a waiver of governmental immunity under subsection one, the City was
protected from suit to recover for property damage to Cumbies home.  Likes,
962 S.W.2d at 494.  To recover under subsection two for any
personal injury, Cumbie had to allege a use of tangible personal or real
property.  She pled no cause of action
involving subsection two.

            In Cumbies motion
to set aside the order dismissing suit, she claimed the private property of
Plaintiff was damaged and taken by the City when it actually used Plaintiffs
property for the public benefit to accommodate sewage and that damages were
caused by a premises defect.[4]  Had these new causes of action been pled by
Cumbie, we might afford her an opportunity to amend the petition to cure a
pleading deficiency.  City of Alton v. Sharyland Water Supply Corp.,
145 S.W.3d 673, 679 (Tex. App.Corpus
Christi, no pet.); Floyd, 150 S.W.3d
at 226.

            Although the
general rule expresses a preference to allow a plaintiff the opportunity to
amend, a plaintiff can waive this opportunity through inaction.  Robinson
v. Alief Indep. Sch. Dist., 298 S.W.3d 321, 328 (Tex. App.Houston [14th
Dist.] 2009, pet. denied) (right to replead 
waived where no response to plea to jurisdiction, which alleged
jurisdictional facts or requested opportunity to replead); Tara Partners, Ltd. v. City of S. Houston, 282 S.W.3d 564, 570
(Tex. App.Houston [14th Dist.] 2009, pet. denied) (plaintiff forfeited opportunity
to amend petition through inaction after trial court granted plea to
jurisdiction).

            Because
these new potential causes of action were contained only in the motion to set
aside the courts dismissal of suit, and there was no request to amend Cumbies
petition after the dismissal to include these new causes of action, the trial
court was not required to consider them.[5]
 U.S.
Fid. & Guar. Co. v. Beuhler, 597 S.W.2d 523, 524 (Tex. Civ.
App.Beaumont 1980, no writ).

The filing of an amended petition following the dismissal
of the case could not vacate the order of dismissal or reinstate the case upon
the docket of the trial court.  Even in
cases where plaintiff has voluntarily dismissed his case, it cannot be
reinstated solely by reason of an amended pleading.  When the plaintiffs suit has been terminated,
either voluntarily or involuntarily by a formal order of dismissal, the case
cannot, in the absence of a valid order vacating and reinstating the previous
proceedings, be further prosecuted by filing an amended petition and attempting
to proceed thereon, even though the amended petition attempts to allege a new
and different cause of action.

Id.  Moreover, there is no
suggestion of any additional facts in the record that, if pled, would cause a
waiver of immunity from suit in Cumbies action for negligent installation,
operation, and maintenance of the sewer system. 
See Tex. Parks and Wildlife Dept
v. E.E. Lowrey Realty, 235 S.W.3d
692, 69495 (Tex. 2007) (court of appeals erroneously remanded plaintiffs
claims to trial court to allow opportunity to amend claims without showing
sufficient nexus between injury and jurisdictional fact, i.e., operation or use
of motor vehicle); Tex. A&M Univ.
Sys. v. Koseoglu, 233 S.W.3d 835, 840 (Tex. 2007) (where underlying claim
was for breach of contract, and merely pleading more facts supporting that
claim would not overcome immunity, plaintiff not required to be afforded
opportunity to amend).

            We
find that Cumbie did not, even when we read her petition liberally, meet her
burden to assert any claim, or allege any fact, affirmatively establishing the
trial courts subject-matter jurisdiction. 
She did not seek leave to amend her complaint and alleged no facts in
the record that could establish jurisdiction with respect to her original
claims of negligent installation, operation, and maintenance of the sewer
system.

            Therefore,
we affirm the judgment of the trial court. 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          December
29, 2010

Date Decided:             January
6, 2011

 

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Govt Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]Damages
for mental anguish are not recoverable, if they arise from negligent infliction
of property damage.  City of Tyler v. Likes, 962 S.W.2d 489, 499 (Tex. 1997).





[3]A
reading of the Citys plea also suggests it challenged the existence of
jurisdictional facts.  As the Texas
Supreme Court stated in Miranda:  When the consideration of a trial courts
subject matter jurisdiction requires the examination of evidence, the trial
court exercises its discretion in deciding whether the jurisdictional
determination should be made at a preliminary hearing or await a fuller
development of the case, mindful that this determination must be made as soon
as practicable.  133 S.W.3d at 227.  Here, the trial court held a hearing, but
Cumbies attorney failed to appear. 
Nevertheless, he presented argument, but no evidence, at the hearing on
the motion to set aside the dismissal order.  Otherwise, we would review the evidence if it
created a fact question regarding the jurisdictional issue.  Id. at
22728.  If so, the trial court would not
be able to grant the plea to the jurisdiction.  Id. at 228.  In any event,
Cumbies counsels arguments reveal that there were no disputed jurisdictional
facts.





[4]The
Texas Supreme Court held that a taking under Article I, Section 17 of the Texas
Constitution, which would require adequate compensation to the property owner,
occurs when a governmental entity physically damages private property:  if it (1) knows that a specific act is
causing identifiable harm; or (2) knows that the specific property damage is
substantially certain to result from an authorized government action - that is,
that the damage is necessarily an incident to, or necessarily a consequential
result of the governments action.  Jennings, 142 S.W.3d at 314 (citation
omitted).  To establish a claim based on
premises defect, Cumbie would have to establish that (1) a condition of the
premises created an unreasonable risk of harm to her; (2) the City actually
knew of the condition; (3) Cumbie did not actually know of the condition; (4)
the City failed to exercise ordinary care to protect Cumbie from danger; and
(5) the Citys failure was a proximate cause of Cumbies injury.  State
Dept of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex.
1992).





[5]Instead,
Cumbie asked for a new trial.