

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00076-CV

_____

ETHEL CUMBIE, Appellant

V.

CITY OF GRAND SALINE, Appellee

On Appeal from the 294th Judicial District Court
Van Zandt County, Texas
Trial Court No. 09-00576

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Ethel Cumbie had a rude awakening on Easter Sunday 2009. Cumbie awoke that morning to find sewage flowing throughout her house, allegedly a backup of sewer lines of the City of Grand Saline[1] (City). Claiming this had happened twice before, Cumbie sued the City for negligence "in the proprietary functions of operating and maintain[ing]" the sewer system, and alleged it was improperly installed. Cumbie sought economic damages to her home in the amount of $17,000.00, damages for health problems experienced from exposure to raw sewage, and damages for mental anguish.[2] To the City's plea to the jurisdiction asserting governmental immunity, the trial court dismissed Cumbie's action and denied her post-judgment motion.

Cumbie appeals the trial court's actions. Because we find the trial court correctly determined it was without jurisdiction to hear Cumbie's claims, we affirm its judgment.

Faced with a plea to the jurisdiction, Cumbie had the burden of alleging facts that affirmatively established the trial court's subject-matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *City of Paris v. Floyd*, 150 S.W.3d 224, 226 (Tex. App.—Texarkana 2004, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)).

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] Damages for mental anguish are not recoverable, if they arise from negligent infliction of property damage. *City of Tyler v. Likes*, 962 S.W.2d 489, 499 (Tex. 1997).

We review de novo the question of whether the trial court had subject-matter jurisdiction. *Tex. Natural Res. Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them liberally in favor of Cumbie. *Miranda*, 133 S.W.3d at 227; *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Floyd*, 150 S.W.3d at 226. If her pleadings insufficiently demonstrated jurisdiction, but could be made sufficient by amendment, an opportunity to amend should be allowed if requested. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Floyd*, 150 S.W.3d at 226. On the other hand, if the pleadings affirmatively negated jurisdiction, dismissal was proper without the opportunity to amend. *Brown*, 80 S.W.3d at 555; *Floyd*, 150 S.W.3d at 226.[3]

The trial court, before allowing the litigation to proceed, must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case. *Miranda*, 133 S.W.3d at 224. The City was immune from suit for its governmental actions unless that immunity was waived. *Id.*; *City of Dallas v. Jennings*, 142 S.W.3d 310, 315 (Tex. 2004). "Operation of a sewer system is a governmental function." *Jennings*, 142 S.W.3d at 315; *see*

---

[3]A reading of the City's plea also suggests it challenged the existence of jurisdictional facts. As the Texas Supreme Court stated in *Miranda*: "When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable." 133 S.W.3d at 227. Here, the trial court held a hearing, but Cumbie's attorney failed to appear. Nevertheless, he presented argument, but no evidence, at the hearing on the motion to set aside the dismissal order. Otherwise, we would review the evidence if it created a fact question regarding the jurisdictional issue. *Id.* at 227–28. If so, the trial court would not be able to grant the plea to the jurisdiction. *Id.* at 228. In any event, Cumbie's counsel's arguments reveal that there were no disputed jurisdictional facts.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(32) (Vernon 2005); *City of Texarkana v. Taylor*, 490 S.W.2d 191, 192 (Tex. Civ. App.—Texarkana 1972, writ ref'd n.r.e.) (municipality immune from suit alleging negligence in maintenance and operation of sewer system); *see* 42 TEX. JUR. 3d GOVERNMENT TORT LIABILITY § 63 (2010).

To determine whether there was a "clear waiver of governmental immunity," we examine the Texas Tort Claims Act, which provides a limited waiver of sovereign immunity and allows suits against governmental units only in certain narrow circumstances. *Jennings*, 142 S.W.3d at 315; *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Unless governmental immunity was waived, a plea to the jurisdiction should be granted. *Floyd*, 150 S.W.3d at 226 (citing *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)).

> Governmental immunity is waived for:
>
> (1)      property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A)      the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B)      the employee would be personally liable to the claimant according to Texas law; and
>
> (2)      personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2005). Under subsection one, to recover

for property damage and any personal injury caused by negligent installation, operation, and/or maintenance of the sewer system, Cumbie had to allege that the negligence was caused by the operation or use of a motor-driven vehicle or equipment. Our review of the record reveals no such allegation. Because Cumbie pled no facts that could trigger a waiver of governmental immunity under subsection one, the City was protected from suit to recover for property damage to Cumbie's home. *Likes*, 962 S.W.2d at 494. To recover under subsection two for any personal injury, Cumbie had to allege a use of tangible personal or real property. She pled no cause of action involving subsection two.

In Cumbie's motion to set aside the order dismissing suit, she claimed "the private property of Plaintiff was damaged and taken by the City when it actually used Plaintiff's property for the public benefit to accommodate sewage" and that damages were caused by a premises defect.[4] Had these new causes of action been pled by Cumbie, we might afford her an opportunity to amend the petition to cure a pleading deficiency. *City of Alton v. Sharyland Water Supply Corp.*, 145 S.W.3d 673, 679 (Tex. App.—Corpus Christi, no pet.); *Floyd*, 150 S.W.3d at 226.

Although "the general rule expresses a preference to allow a plaintiff the opportunity to

---

[4]The Texas Supreme Court held that a taking under Article I, Section 17 of the Texas Constitution, which would require adequate compensation to the property owner, occurs when a governmental entity physically damages private property: "if it (1) knows that a specific act is causing identifiable harm; or (2) knows that the specific property damage is substantially certain to result from an authorized government action - that is, that the damage is necessarily an incident to, or necessarily a consequential result of the government's action." *Jennings*, 142 S.W.3d at 314 (citation omitted). To establish a claim based on premises defect, Cumbie would have to establish that (1) a condition of the premises created an unreasonable risk of harm to her; (2) the City actually knew of the condition; (3) Cumbie did not actually know of the condition; (4) the City failed to exercise ordinary care to protect Cumbie from danger; and (5) the City's failure was a proximate cause of Cumbie's injury. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

amend, a plaintiff can waive this opportunity through inaction." *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 328 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (right to replead waived where no response to plea to jurisdiction, which alleged jurisdictional facts or requested opportunity to replead); *Tara Partners, Ltd. v. City of S. Houston*, 282 S.W.3d 564, 570 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (plaintiff forfeited opportunity to amend petition through inaction after trial court granted plea to jurisdiction).

Because these new potential causes of action were contained only in the motion to set aside the court's dismissal of suit, and there was no request to amend Cumbie's petition after the dismissal to include these new causes of action, the trial court was not required to consider them.[5] *U.S. Fid. & Guar. Co. v. Beuhler*, 597 S.W.2d 523, 524 (Tex. Civ. App.—Beaumont 1980, no writ).

> The filing of an amended petition following the dismissal of the case could not vacate the order of dismissal or reinstate the case upon the docket of the trial court. Even in cases where plaintiff has voluntarily dismissed his case, it cannot be reinstated solely by reason of an amended pleading. When the plaintiff's suit has been terminated, either voluntarily or involuntarily by a formal order of dismissal, the case cannot, in the absence of a valid order vacating and reinstating the previous proceedings, be further prosecuted by filing an amended petition and attempting to proceed thereon, even though the amended petition attempts to allege a new and different cause of action.

*Id*. Moreover, there is no suggestion of any additional facts in the record that, if pled, would cause a waiver of immunity from suit in Cumbie's action for negligent installation, operation, and maintenance of the sewer system. *See Tex. Parks and Wildlife Dep't v. E.E. Lowrey Realty*, 235

---

[5]Instead, Cumbie asked for a new trial.

S.W.3d 692, 694–95 (Tex. 2007) (court of appeals erroneously remanded plaintiff's claims to trial court to allow opportunity to amend claims without showing sufficient nexus between injury and jurisdictional fact, i.e., operation or use of motor vehicle); *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (where underlying claim was for breach of contract, and merely pleading more facts supporting that claim would not overcome immunity, plaintiff not required to be afforded opportunity to amend).

We find that Cumbie did not, even when we read her petition liberally, meet her burden to assert any claim, or allege any fact, affirmatively establishing the trial court's subject-matter jurisdiction. She did not seek leave to amend her complaint and alleged no facts in the record that could establish jurisdiction with respect to her original claims of negligent installation, operation, and maintenance of the sewer system.

Therefore, we affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice


Date Submitted:    December 29, 2010
Date Decided:      January 6, 2011


7