ACCEPTED
15-25-00212-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/20/2025 2:35 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00212-CV**

IN THE FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

11/20/2025 2:35:26 PM
CHRISTOPHER A. PRINE
Clerk

COREY MORRELL,

*Appellant,*

v.

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,

*Appellee.*

On Appeal from the 455th District Court of Travis County, Texas
The Honorable Laurie Eiserloh, Presiding
Cause No. D-1-GN-25-003444

## BRIEF OF APPELLEE TCEQ

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney
General

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection
Division

AMANDA ATKINSON CAGLE
Assistant Attorney General
State Bar No. 00783569
Amanda.Cagle@oag.texas.gov

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
(512) 975-1582 | Fax: (512) 320-0911

*Attorneys for the Texas Commission on
Environmental Quality*

**November 20, 2025**

# IDENTITY OF PARTIES AND COUNSEL

**Appellant:**                          **Counsel:**

Corey Morrell                           *Pro Se*
                                        8088 Park Lane, Apt. 608
                                        Dallas, Texas 75231
                                        (806) 470-7099


**Appellee:**                           **Counsel:**

Texas Commission on                     Amanda Atkinson Cagle
Environmental Quality                   OFFICE OF THE ATTORNEY GENERAL OF TEXAS
                                        Environmental Protection Division
                                        P.O. Box 12548, MC-066
                                        Austin, Texas 78711-2548
                                        (512) 975-1582 | Fax: (512) 320-0911

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..............................................i

INDEX OF AUTHORITIES..........................................................iv

GLOSSARY OF ACRONYMS AND TECHNICAL TERMS...........................ix

STATEMENT OF THE CASE.........................................................x

STATEMENT REGARDING ORAL ARGUMENT.............................................x

ISSUES PRESENTED..............................................................xi

STATEMENT OF FACTS ............................................................ 1

    A.    Order: On January 29, 2024, after a full contested case hearing, the Commission entered an order against Appellant—which he elected not to appeal ........................1

    B.    PIA Request: On April 24, 2025, Mr. Morrell sent a PIA request demanding documents he contended would aid him in establishing that the final, now unappealable order was unenforceable.......................................3

    C.    Suit: On May 13, 2025, Mr. Morrell filed this suit. ...........................5

SUMMARY OF THE ARGUMENT ..................................................... 6

STANDARD OF REVIEW........................................................... 7

ARGUMENT..................................................................... 8

    I.    Appellant's attacks on the enforcement order were properly dismissed because they are barred by sovereign immunity. .................................................8

        A.    Sovereign immunity bars collateral attacks on the order. .................................................. 9

        B.    The enforcement order is not void because the Commission's statutory authority encompasses discretion to find that Appellant's piles of tires are waste and authority to regulate that waste.............................. 11

II.   Appellant's challenge to Rule 328.60 was properly dismissed for lack of jurisdiction because it is barred by sovereign immunity and because he lacks standing. ..........................14

    A.   Sovereign immunity bars Appellant's rule challenge because it is a collateral attack on a final agency order. .................................................................. 14

    B.   Appellant lacks standing to challenge Rule 328.60 because there is no factual allegation supporting that it will or even *might* be applied to him. ........................... 15

III.  Appellant's suit for mandamus under the PIA was properly dismissed because he sought relief not available and because he failed to meet the mandatory jurisdictional requirements of the PIA. ....................................................17

    A.   Jurisdiction under PIA § 552.321(a) ..................................... 19

    B.   Appellant's mandamus claim was properly dismissed for lack of jurisdiction because the Commission established as a matter of law that it had not refused to supply public information ......................... 19

IV.   The district court properly dismissed the suit with prejudice because the pleadings affirmatively negate the existence of jurisdiction. ................................................25

CONCLUSION AND PRAYER ........................................................ 26

CERTIFICATE OF SERVICE........................................................... 27

CERTIFICATE OF COMPLIANCE................................................. 27

# INDEX OF AUTHORITIES

**Cases**

*Aguilar v. State*,
444 S.W.2d 935 (Tex. Crim. App. 1969) ........................................................... 24

*AIM Media Texas, LLC v. City of Odessa*,
663 S.W.3d 324 (Tex. App.—Eastland 2023, pet. denied) ............................... 18

*Alamo Exp., Inc. v. Union City Transfer*,
309 S.W.2d 815 (Tex. 1958) ................................................................................ 9

*Bosley v. State*,
414 S.W.2d 468 (Tex. Crim. App. 1967) ........................................................... 24

*Browning v. Prostok*,
165 S.W.3d 336 (Tex. 2005) ................................................................................ 8

*City of El Paso v. Abbott*,
444 S.W.3d 315 (Tex. App.—Austin 2014, pet. denied)................. 18, 20, 24, 25

*City of El Paso v. Heinrich*,
284 S.W.3d 366 (Tex. 2009) ................................................................................ 7

*City of Galveston v. CDM Smith, Inc.*,
470 S.W.3d 558 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ........... 20

*Cornyn v. City of Garland*,
994 S.W.2d 258 (Tex. App.—Austin 1999, no pet.) ........................................ 23

*Corzelius v. Harrell*,
186 S.W.2d 961 (Tex. 1945) .............................................................................. 15

*Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*,
307 S.W.3d 505 (Tex. App.—Austin 2010, no pet.) ...................... 11, 13, 14, 15

*DaimlerChrysler Corp. v. Inman*,
252 S.W.3d 299 (Tex. 2008)............................................................................... 17

*Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*,
586 S.W.3d 37 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ...................... 18

*Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*,
96 S.W.3d 519 (Tex. App.—Austin 2002, pet. denied) ..................................... 9

*Hall v. McRaven*,
508 S.W.3d 232 (Tex. 2017) ..................................................................... 11

*Hartzell v. S.O.*,
672 S.W.3d 304 (Tex. 2023) ..................................................................... 11

*HCA Healthcare Corp. v. Texas Dep't of Ins.*,
303 S.W.3d 345 (Tex. App.—Austin 2009, no pet.) ......................................... 10

*Hendee v. Dewhurst*,
228 S.W.3d 354 (Tex. App.—Austin 2007, no pet.) ........................................... 8

*In re Texas State Bd. of Pub. Accountancy*,
303 S.W.3d 892 (Tex. App.—Austin 2010, orig. proceeding,
mandamus denied) ................................................................................ 23

*Johnson v. Bastrop Cent. Appraisal Dist.*,
657 S.W.3d 686 (Tex. App.—El Paso 2022, pet. denied),
cert. denied 143 S.Ct. 2497 (2023) ..................................... 18, 19, 24, 25

*Jolly v. State*,
856 S.W.2d 859 (Tex. App.—Austin 1993, writ denied) ................................. 15

*Lockheed Martin Corp. v. Hegar*,
601 S.W.3d 769 (Tex. 2020) ....................................................................... 7

*M.D. Anderson Cancer Ctr. v. Novak*,
52 S.W.3d 704 (Tex. 2001) ........................................................................ 8

*Nat'l Tank Co. v. Brotherton*,
851 S.W.2d 193 (Tex. 1993) ..................................................................... 22

*North Alamo Water Supply Corp. v. Texas Dep't of Health*,
839 S.W.2d 455 (Tex. App.—Austin 1992, writ denied) ................................. 13

*Prairie View A & M Univ. v. Chatha*,
381 S.W.3d 500 (Tex. 2012) ..................................................................... 19

*Save Our Springs All., Inc. v. City of Dripping Springs*,
    304 S.W.3d 871 (Tex. App.—Austin 2010, pet. denied)................................ 17

*Slay v. Texas Comm'n on Envtl. Quality*,
    351 S.W.3d 532 (Tex. App.—Austin 2011, pet. denied)................................ 12

*State v. BP Am. Prod. Co.*,
    290 S.W.3d 345 (Tex. App.—Austin 2009, pet. denied)................................ 16

*State v. Lueck*,
    290 S.W.3d 876 (Tex. 2009) ........................................................................ 25

*State v. Triax Oil & Gas*,
    966 S.W.2d 123 (Tex. App.—Austin 1998, no pet.) ...................................... 11

*Tex. Ass'n of Bus. v. Texas Air Control Bd.*,
    852 S.W.2d 440 (Tex. 1993) ........................................................................ 17

*Tex. Dep't of Parks & Wildlife v. Miranda*,
    133 S.W.3d 217 (Tex. 2004) ....................................................................7, 26

*Texas Dep't of Transp. v. T. Brown Constructors, Inc.*,
    947 S.W.2d 655 (Tex. App.—Austin 1997, pet. denied)................................ 9

## Constitutional Provisions & Statutes

Tex. Gov't Code § 311.034 ....................................................................10, 19

Tex. Gov't Code § 552.021 ............................................................................ 4

Tex. Gov't Code § 552.101 ....................................................................21, 24

Tex. Gov't Code § 552.103 .......................................................................... 21

Tex. Gov't Code § 552.103(a)..............................................................5, 21, 23

Tex. Gov't Code § 552.103(c).................................................................21, 23

Tex. Gov't Code § 552.107(1)...................................................................... 21

Tex. Gov't Code § 552.111 .......................................................................... 21

Tex. Gov't Code § 552.321(a)................................................................19, 25

Tex. Gov't Code § 2001.038 ........................................................ 6, 14, 15, 16

Tex. Gov't Code § 2001.042 ......................................................... 7

Tex. Gov't Code § 2001.081 ......................................................... 23

Tex. Gov't Code § 2001.091 ......................................................... 23

Tex. Gov't Code § 2001.171 ......................................................... 9

Tex. Gov't Code § 2001.176 ..................................................... 3, 9, 10

Tex. Health & Safety Code § 361.002 ........................................... 12

Tex. Health & Safety Code § 361.011 ........................................... 12

Tex. Health & Safety Code § 361.112 ........................................... 16

Tex. Health & Safety Code § 361.112(a) ....................................... 12

Tex. Water Code § 5.013 ............................................................. 16

Tex. Water Code § 5.013(a)(11) .................................................... 2

Tex. Water Code § 5.351 ............................................................. 9

Tex. Water Code § 5.351(b) ..................................................... 3, 9, 10

Tex. Water Code § 7.002 .......................................................... 2, 16

Tex. Water Code § 7.051 ............................................................. 16

Tex. Water Code § 7.064 ............................................................. 9

**Rules & Regulations**

30 Tex. Admin. Code § 80.272(e) ................................................. 10

30 Tex. Admin. Code Ch. 328 ..................................................... 13

30 Tex. Admin. Code § 328.59 ..................................................... 13

30 Tex. Admin. Code § 328.60 ............................................ 14, 15, 16, 25

30 Tex. Admin. Code § 330.15(a)......................................................12, 16

30 Tex. Admin. Code § 330.15(c)......................................................12, 16

30 Tex. Admin. Code § 330.5(a)(6)....................................................... 13

Tex. R. Evid. 508 ............................................................................7, 24

Tex. R. Evid. 508(c)............................................................................ 25

Tex. R. Evid. 508(c)(1) ...................................................................... 25

**Other Authorities**

Tex. Att'y Gen. ORD 279 (1981) ......................................................... 24

# GLOSSARY OF ACRONYMS AND TECHNICAL TERMS

**ALJ** – Administrative Law Judge – Independent adjudicator who reviews evidence, administers oaths, and hears testimony, and acts as an impartial decision-maker in administrative cases, similar to a trial judge, but within a specific agency's jurisdiction. The ALJs in this case were employed by the State Office of Hearing Examiners (SOAH), which is an independent agency that conducts administrative hearings for certain state agencies pursuant to Texas Government Code Chapters 2001 and 2003.

**MSW** – Municipal Solid Waste – Solid waste resulting from or incidental to municipal, community, commercial, institutional, or recreational activities, including garbage, rubbish, ashes, street cleanings, dead animals, abandoned automobiles, and other solid waste other than industrial solid waste.

**PIA** – Public Information Act – Texas Government Code Chapter 552 – State statute that gives the public a mechanism to inspect or copy government information, but also provides that governmental bodies may withhold information in specific instances.

**PIRCS** – Public Information Request Collaboration System – System used by the TCEQ's Information Resources Division to track, disperse, coordinate, manage, and respond to all Public Information Act requests received by the TCEQ. All PIRCS activity is time-stamped, user-identified, and retained in accordance with state record retention laws.

## STATEMENT OF THE CASE

Nature of the Case: This is an appeal of the district court's dismissal of Appellant's suit for lack of jurisdiction.[1]

Trial Court: 455th Judicial District Court, Travis County
The Honorable Laurie Eiserloh,
presiding by assignment

Trial Court Disposition: The district court granted the Commission Defendants' Plea to the Jurisdiction and dismissed Appellant's suit in its entirety.

## STATEMENT REGARDING ORAL ARGUMENT

The Commission agrees with Appellant that oral argument is not needed. This case involves well-established principles of law.

---

[1] The Clerk's Record is cited as "CR.(page)." The Dismissal is CR.305. Defendants in the district court were the Commission, and its Chairperson and Executive Director in their official capacities. But Appellant only appealed the Dismissal as to the Commission. CR.306 [Notice of Appeal].

# ISSUES PRESENTED

**Issue 1:**   Whether Appellant's claims regarding the agency order are barred by sovereign immunity since Appellant failed to timely appeal the order and the order is not void—it was issued under the Commission's broad authority to regulate waste.

**Issue 2:**   Whether Appellant's claims regarding the agency rule are barred both by sovereign immunity as collateral attacks because the relief he seeks is to invalidate the order and also due to lack of standing since Appellant seeks an advisory opinion regarding application of the rule to others, not to himself.

**Issue 3:**   Whether sovereign immunity barred Appellant's claim for mandamus under the PIA because Appellant did not meet the applicable jurisdictional requirements.

**Issue 4:**   Whether the district court's dismissal with prejudice is proper because the pleadings and supporting documents affirmatively negate the existence of jurisdiction and cannot be cured by repleading.

## STATEMENT OF FACTS

In this suit, Appellant seeks to void and preemptively enjoin enforcement of a final agency order and to use the PIA to obtain privileged and confidential documents he contends might assist him in doing so. The district court properly dismissed the suit in its entirety for lack of jurisdiction.

**A.    Order: On January 29, 2024, after a full contested case hearing, the Commission entered an order against Appellant—which he elected not to appeal**

The order that Appellant attacks was entered against him for his accumulation of unauthorized piles of scrap tires—*so many tires that they were visible from space.* CR.80-84 [Order]; CR.128 [Satellite Images]. It was entered after an evidentiary hearing in which Appellant fully participated. CR.109 [Proposal for Decision (PFD)]. He testified and his 17 exhibits were admitted and considered by the Administrative Law Judge (ALJ) of the State Office of Administrative Hearings. CR.111. The Commission's evidence, which included investigator testimony, inspection reports, satellite images, and close-up photos, established that large piles of scrap tires were visible on aerial photos as early as 2014 and that, over time, the tire piles multiplied, grew, and were moved about. CR.111-115, 118 [PFD]; CR.127-128 [Exhibits]. Much of the Commission's evidence was gathered during an inspection conducted by a Commission investigator in 2020. CR.111-115. The

1

inspection was conducted in response to a citizen complaint that Appellant was allowing people to dump tires on his property in exchange for cash. CR.111.

Mr. Morrell admitted that the scrap tires had been on his property during that time and that the tires had been dumped there by others, CR.116, 118, but contended, as he does here, that the Commission lacked jurisdiction to regulate his tires because they were purportedly building materials, and not waste. The ALJ rejected this, noting that "used tires and scrap tires still constitute solid waste, over which TCEQ has enforcement jurisdiction." CR.109 (citing Tex. Water Code §§ 5.013(a)(11), 7.002). She also observed that the evidence did not support him:

> The tires were abandoned on Respondent's property and piled in a disorganized fashion, with no apparent use for many years. No evidence was presented showing any of the tires were used for their intended purpose after being stored at the Site. The record demonstrates that the tire piles have been abandoned and are not being re-used, reclaimed, or recycled. As such, the greater weight of evidence establishes that the tires at the Site were scrap tires.

CR.117 [PFD]. She recommended, and the Commission, after an open meeting during which Mr. Morrell presented arguments, assessed administrative penalties of $7,500 for the violations. CR.119, 80-84.

Another issue during the hearing concerned the current status of the tires. Mr. Morrell testified that he had sold the property and had the tires removed prior to the sale. CR.117. But the hand-written receipts he submitted did not demonstrate

proper disposal. CR.114-115. Thus, the order specifically required him to submit written certification and documentation to the Commission demonstrating that the tires were properly disposed of. CR.119, 80-84.

Immediately afterwards, Mr. Morrell wrote to the ED's counsel that "my next step is to file a motion for rehearing and preserve the issues for a judicial review in the Travis County District Court." CR.137 [Email]. He also mused that he probably wouldn't comply with the order—that his unpaid penalty "will simply remain a debt to the state … [b]ut since Texas has some of the strongest debtor protection laws in the nation I do not anticipate this being a problem." *Id*.

Mr. Morrell filed a Motion for Rehearing. CR.142-145. The order became final by operation of law on March 25, 2024, and thirty days later, Mr. Morrell's deadline for seeking judicial review passed. Tex. Water Code § 5.351(b); Tex. Gov't Code § 2001.176. It passed without Mr. Morrell filing suit.

**B.     PIA Request: On April 24, 2025, Mr. Morrell sent a PIA request demanding documents he contended would aid him in establishing that the final, now unappealable order was unenforceable.**

On April 24, 2025, more than a year after his deadline to file suit passed, Mr. Morrell began emailing TCEQ staff, falsely claiming that the order had not been properly served on him—despite him having filed a motion for rehearing of said order—and arguing that this alleged failure required a stay of any enforcement

3

proceedings. CR.147, 140. On April 25, 2025, Mr. Morrell, under the Public Information Act (PIA) requested the order, documents related to issuance, service, and enforcement of the order, and all communications referencing his name or the docket number. CR.150.[2] The Commission followed its established procedures and began reviewing its records to gather responsive information. *See* CR.227-267 [Public Information Request Collaboration System (PIRCS)]; CR.213, 216-217, 220-222 [TCEQ Operations Manual]; CR.224-225 [TCEQ PIA Webpages].

TCEQ staff located responsive files, reviewed the identified documents for completeness and for the presence of any confidential information that required redaction or referral to the Office of the Attorney General, entered the estimated volume, a general description of the information, and the estimated cost of preparing it for release into PIRCS,[3] and segregated the privileged information for referral to the Office of the Attorney General. CR.227, 233, 244, 254, 264 [PIRCS]; CR.216-219, 221-222 [TCEQ Opps].

---

[2] On May 2, 2025, Mr. Morrell expanded his request in response to a clarifying inquiry regarding the time frame. CR.156-157. Since the request and clarification were both received by email after 5pm, CR.227-228, the dates of receipt are the days stated, not the calendar dates shown on the emails. Requests submitted after business hours are received by the Commission on the following business day. *See* Tex. Gov't Code § 552.021 ("Public information is available . . . during the *normal business hours* of the governmental body") (emphasis added).

[3] PIRCS electronically generates reports and templates according to the replies entered by each Office, and all PIRCS activity is time-stamped, user-identified, and retained in accordance with state record retention laws. CR.227-267 [PIRCS].

Potentially responsive information was found within the offices of the Commissioners (which encompasses the Chief Clerk's Office, General Counsel's Office, and the Office of Public Interest Counsel) and the Litigation Division. CR.227, 231, 233 [PIRCS]; CR.160-161. The Commission timely produced the non-confidential responsive information (which was transferred via a secure file transfer server because it was too voluminous to send via email) and requested opinions from the Attorney General regarding the confidential information. CR.160-161, 177-189, 191-195, 264-265.

On August 11, 2025, the Attorney General issued Open Records Letter No. 2025-025601, which affirmed that the withheld information is excepted from release by Tex. Gov't Code § 552.103(a) (litigation exception) because "the commission may need to enforce the order through civil litigation." CR.292-293.

## C. Suit: On May 13, 2025, Mr. Morrell filed this suit.

Meanwhile, on May 13, 2025, the day the Commission initially responded to his PIA request, Mr. Morrell filed his first petition in this suit. His live petition, titled Second Verified Amended Petition for Judicial Review and Declaratory Relief [CR.3], sought invalidation of the enforcement order, and information under the PIA—specifically, the identity of the person that reported him to the Commission.

5

The Commission Defendants filed a plea to the jurisdiction, to which Appellant responded, and after a hearing, the district court dismissed the suit. This appeal followed. CR.306.

## SUMMARY OF THE ARGUMENT

In this suit, Appellant brings three sets of claims, all related to attacking an order that became final and unappealable more than a year before he filed suit. But the pleadings and supporting documents affirmatively negate the existence of jurisdiction over all of his claims. Appellant's claims that the order is void and/or was entered ultra vires fail because the Commission has broad statutory authority to determine that his piles of scrap tires sitting in a field were waste and to regulate that waste. So sovereign immunity bars his collateral attacks on the now unappealable agency order. His claims under Tex. Gov't Code § 2001.038 that an agency rule regulating scrap tires is overbroad "rendering the enforcement order void ab initio" are similarly barred as a collateral attack on an unappealed agency order. In addition, he lacks standing to challenge the rule because there is no factual allegation supporting that the rule is being, or even might be, applied to him.

Appellant similarly cannot meet the jurisdictional requirements for mandamus under the PIA as a matter of law, because the information the Commission withheld is excepted from release under the PIA. The Attorney General

issued a letter opinion finding the information excepted from release under the anticipated litigation exception to the PIA. And Appellant even stated in his petition that he seeks the information for the purpose of anticipated litigation. Further, the identity of the citizen that reported Appellant's unlicensed dump is confidential by law under the Informer's Identity Privilege. Tex. R. Evid. 508. Since the pleadings and supporting documents affirmatively negated the existence of jurisdiction over all of Appellant's claims, the district court properly and reasonably dismissed Appellant's suit for lack of jurisdiction with prejudice.

## STANDARD OF REVIEW

Texas courts review questions of law de novo, but a court may properly give consideration to an agency's legal determination that is reasonable and does not conflict with the plain language of the statute. Tex. Gov't Code § 2001.042; *Lockheed Martin Corp. v. Hegar*, 601 S.W.3d 769, 774 (Tex. 2020). Similarly, whether a plaintiff has "alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is [also] a question of law reviewed *de novo*." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "If there is no question of fact as to the jurisdictional issue," the Court "must rule on the plea to the jurisdiction as a matter of law." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009) (citing *Miranda*, 133 S.W.3d at 228). When, as here, the order

7

sustaining the plea to the jurisdiction does not specify the reason for dismissal, the Court may affirm "on any meritorious ground on which the [trial] court could have relied." *Hendee v. Dewhurst*, 228 S.W.3d 354, 367 (Tex. App.—Austin 2007, no pet.); *see also M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 706 (Tex. 2001).

## ARGUMENT

Mr. Morrell brought three sets of claims: (1) that the enforcement order is void and/or was entered ultra vires because the Commission lacks authority to determine that his scrap tires were waste and to regulate such waste; (2) that an agency rule regulating scrap tires is overbroad "rendering the enforcement order void ab initio;" and (3) that the Commission should be ordered under the PIA to release withheld information. But he failed to establish jurisdiction.

## I.  Appellant's attacks on the enforcement order were properly dismissed because they are barred by sovereign immunity.

The engine driving Appellant's suit is his desire to evade the enforcement order. He seeks to have it declared void and to preemptively enjoin its enforcement against him. These are collateral attacks. "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). Any proceeding that does not meet all the

requirements of a valid direct attack, but that seeks to avoid the effect of a judgment, is a collateral attack. *Texas Dep't of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 659 (Tex. App.—Austin 1997, pet. denied). Indeed, Mr. Morrell admits that "this is a collateral challenge to an order." CR.4 [Petition].

## A. Sovereign immunity bars collateral attacks on the order.

Collateral attacks on a final agency order are barred. *Alamo Exp., Inc. v. Union City Transfer*, 309 S.W.2d 815, 827 (Tex. 1958) (collateral attack on Railroad Commission order impermissible because administrative statutes provided sole method of attack); *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 532 (Tex. App.—Austin 2002, pet. denied).

The Legislature has provided a limited waiver of sovereign immunity that permits persons affected by Commission enforcement orders to challenge those orders. Tex. Water Code §§ 5.351, 7.064; Tex. Gov't Code § 2001.171. But that waiver ***requires***—using the mandatory word "must"—plaintiffs to "file a petition within 30 days after the effective date of the … order." Tex. Water Code § 5.351(b); *see also* Tex. Gov't Code § 2001.176.

The enforcement order was signed on January 29, 2024. CR.84. Appellant filed a timely motion for rehearing on February 22, 2024. CR.145. That motion was overruled by operation of law on Monday, March 25, 2024, the first business day

after 55 days from the date the order was signed. 30 Tex. Admin. Code § 80.272(e); *see also* CR.78 [Enforcement Order Cover Letter]. Thus, to avail himself of the limited waiver of sovereign immunity provided by statute, Appellant needed to have filed suit within 30 days of that date, meaning **before April 24, 2024**. Tex. Water Code § 5.351(b); Tex. Gov't Code § 2001.176. But he didn't. He filed this suit on May 13, 2025—thirteen months too late.

Appellant failed to avail himself of the only avenue of appeal the Legislature made available to him and that failure deprives the Court of jurisdiction over all claims related to the enforcement order. *HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.) ("because the Hospitals failed to file their petitions for judicial review … within the required 30-day time frame, the district court was without jurisdiction to consider them"); *see also* Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit … are jurisdictional requirements in all suits against a governmental entity").

To the extent this suit seeks to attack the order or to preclude its enforcement, it is barred. Regardless of the purported legal bases and regardless of whether remedies are characterized as prospective, if the relief sought "would have the effect of invalidating the TCEQ order," sovereign immunity bars the suit. *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 514 (Tex.

10

App.—Austin 2010, no pet.). Indeed, even if Appellant's contentions were valid defenses to the substance of the order, which they are not, they would still be barred because the final order was not properly appealed. *State v. Triax Oil & Gas*, 966 S.W.2d 123, 126 (Tex. App.—Austin 1998, no pet.).

**B. The enforcement order is not void because the Commission's statutory authority encompasses discretion to find that Appellant's piles of tires are waste and authority to regulate that waste.**

Mr. Morrell attempts to evade the sovereign immunity bar by claiming that the Order was issued ultra vires and is therefore void ab initio because the Commission purportedly lacked legal authority: (1) to determine that his piles of tires were scrap tires and MSW when he claimed they weren't; and (2) to regulate his piles of tires because they were on his private property.

But an official only acts without legal authority "if he exceeds the bounds of his granted authority or if his acts conflict with the law itself." *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017); *see also Hartzell v. S.O.*, 672 S.W.3d 304, 311 (Tex. 2023). Here, the Commission acted within the bounds of its authority. The Legislature has given the Commission broad authority and discretion to regulate waste—authority over **all** aspects of the management of MSW—and all powers and duties necessary or convenient to carrying out those responsibilities. Tex. Health &

Safety Code § 361.011; *see also id.* § 361.002. That authority encompasses the authority and discretion to determine *whether* materials are "waste:"

> Based on this evidence, there is a reasonable basis in the record for the agency's determination. As TCEQ's determination that the materials were waste is within the bounds of reasonableness, we are required to uphold that decision.

*Slay v. Texas Comm'n on Envtl. Quality*, 351 S.W.3d 532, 550 (Tex. App.—Austin 2011, pet. denied). Here, both the ALJ and the Commission considered Appellant's contentions and found them unconvincing in light of contravening evidence. CR.117-118 [PFD]. The Commission was well within its authority when it found Appellant's piles of tires to be scrap tires that constitute MSW and his accumulation of those tires to violate state law. CR.82-83.

Appellant's contention that the Commission cannot regulate the tires because his property is "private" and not "commercial" is similarly false. App. Br. at 14. The Commission has authority to regulate waste wherever it is and dumping is prohibited—even on "private" property. Tex. Health & Safety Code §§ 361.011, .002.; 30 Tex. Admin. Code §§ 330.15(a), (c). Moreover, Texas Health & Safety Code § 361.112(a) specifically prohibits the storage of "more than 500 used or scrap tires for any period on any publicly *or privately owned property* unless the person registers the storage site with the commission." (Emphasis added).

Appellant's contentions that Chapter 328 of the Commission's rules require that scrap tires be "treated as a distinct, recyclable material—not as municipal solid waste," also misunderstand applicable law, as does his hallucinatory reference to "conduct exempt under § 328.59(a)(4)."[4] App. Br. at 17, 8. Chapter 328 establishes standards for proper operation of registered storage sites for used or scrap tires and provides that scrap tires can, under specified, carefully regulated circumstances, be incorporated into beneficial reuse projects. *See* 30 Tex. Admin. Code Chapter 328. But this doesn't mean scrap tires are not MSW. Scrap tires are ***a category*** of MSW. Indeed, a facility that manages scrap tires is defined as a class VIII Municipal Solid Waste facility. 30 Tex. Admin. Code § 330.5(a)(6).

Mr. Morrell, like many respondents to disciplinary proceedings, disputes the Commission's decision. But this does not demonstrate that the agency exceeded its authority:

> These are allegations that the TCEQ reached an incorrect or wrong result when exercising its delegated authority, not facts that would demonstrate TCEQ exceeded that authority … The fact that the [agency] might decide "wrongly" in the eyes of an opposing party does not vitiate the agency's jurisdiction to make [the] decision.

*Creedmoor-Maha*, 307 S.W.3d at 517-518 (citing *North Alamo Water Supply Corp. v. Texas Dep't of Health*, 839 S.W.2d 455, 459 (Tex. App.—Austin 1992, writ denied)).

---

[4] There is no part (a)(4), nor is there an applicable exception. *See* 30 Tex. Admin. Code § 328.59.

13

Mr. Morrell's ultra vires and void ab initio arguments are simply a rehash of the arguments he presented to the ALJ, the Commission, and the district court—and which were reasonably and properly rejected because the Commission's order is well within its authority. No exception to the sovereign immunity bar applies here.

## II. Appellant's challenge to Rule 328.60 was properly dismissed for lack of jurisdiction because it is barred by sovereign immunity and because he lacks standing.

Mr. Morrell's purported challenge under Tex. Gov't Code § 2001.038 to the "ongoing and overbroad enforcement of 30 Tex. Admin. Code § 328.60," [CR.4, Petition], similarly fails for lack of jurisdiction.[5]

### A. Sovereign immunity bars Appellant's rule challenge because it is a collateral attack on a final agency order.

As an initial matter, although couched as a rule challenge, this is a collateral attack on the order. Mr. Morrell's petition seeks to void the order. He seeks:

> an evidentiary hearing under Tex. Gov't Code § 2001.038(c) to resolve these foundational issues regarding TCEQ's statutory authority and the proper interpretation…of its rules…rendering the enforcement order void ab initio.

CR.26-27 [Petition]. Since this "would have the effect of invalidating the TCEQ order," it is barred by sovereign immunity. *Creedmoor-Maha*, 307 S.W.3d at 514.

---

[5] As set forth in Section I, it would also fail on the merits, since the Commission's broad authority to regulate waste encompasses authorizes it to determine whether a substance is "waste" and also to regulate disposal of waste anywhere in the state, including on private property.

To the extent Appellant seeks to use Tex. Gov't Code § 2001.038 to void the enforcement order or as a defense in a future proceeding enforcing that order, this claim is barred as a collateral attack on a final agency order.

> However valid these defenses may be, they are nonetheless collateral attacks on a Commission order that is now final and unappealable. A final order of the Commission that is valid on its face is not subject to collateral attack in a subsequent enforcement proceeding.

*Jolly v. State*, 856 S.W.2d 859, 861 (Tex. App.—Austin 1993, writ denied); *citing Corzelius v. Harrell*, 186 S.W.2d 961, 967 (Tex. 1945) ("an order of the Railroad Commission, regular on its face, is presumed to be valid, and will be enforced unless set aside in a direct proceeding brought for that purpose; and, furthermore, it is not subject to collateral attack")(internal citations omitted). As the court explained in *Creedmoor-Maha*, "To the extent Creedmoor's allegations regarding TCEQ's rules could sound under section 2001.038, *see id.*, the justiciable controversy that could support such a claim was rendered moot by TCEQ's final, unappealable order." *Creedmoor-Maha*, 307 S.W.3d at 526 n.16.

## B. Appellant lacks standing to challenge Rule 328.60 because there is no factual allegation supporting that it will or even *might* be applied to him.

In addition, Mr. Morrell lacks standing to challenge Rule 328.60. The waiver of sovereign immunity found in Tex. Gov't Code § 2001.038 requires a plaintiff to "allege and prove that the rule or its threatened application interferes with or impairs

15

'a legal right or privilege' in order to have standing." *State v. BP Am. Prod. Co.*, 290 S.W.3d 345, 362–63 (Tex. App.—Austin 2009, pet. denied); Tex. Gov't Code § 2001.038. But no facts support that Rule 328.60 is being or will be applied to him.

Rule 328.60 imposes operation and registration requirements on persons who store more than 500 used or scrap tires at a site. 30 Tex. Admin. Code § 328.60.(a). It tracks Texas Health and Safety Code § 361.112, which provides that "[a] person may not store more than 500 used or scrap tires for any period on any publicly or privately owned property unless the person registers the storage site with the commission." But Rule 328.60's requirements were not applied here nor were they referenced in the order.[6] Appellant has never purported to operate a registered site.

Nor is there any allegation that the rule will be applied to him. Appellant sold the property and the tires were removed prior to the sale (this was a condition of the sale). CR.153 [Morrell Email]; CR.117 [PFD]. His own statements and pleadings make clear that there is no threat of this rule being applied to him. Since the rule is not being applied to him, he lacks standing to challenge it. *State v. BP Am. Prod. Co.*, 290 S.W.3d at 362–63; Tex. Gov't Code § 2001.038.

---

[6] The order was issued under TCEQ's general jurisdiction to enforce state law regarding MSW, Tex. Water Code §§ 5.013, 7.002, and 7.051, including the general prohibition against causing, suffering, allowing, or permitting the collection of MSW without proper authorization, 30 Tex. Admin. Code § 330.15(a),(c). CR.82-83 [Order].

That he wishes to pursue this rule challenge on behalf of hypothetical others who might wish to accumulate enormous piles of scrap tires on their rural property does not give *Appellant* standing. To have standing, a plaintiff "must allege an injury that is 'actual or imminent, not hypothetical'"—and the injury must be to himself—not to hypothetical others. *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 883 (Tex. App.—Austin 2010, pet. denied); *see also DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008).

Nor does the Commission's ongoing enforcement of *the order* give him standing as to *the rule*. Violation of the order does not equate to a violation of—or give him standing to challenge—the rule. Appellant's own pleadings and exhibits make clear that there is no ongoing enforcement of Rule 328.60 against him, so he lacks standing to bring this rule challenge and his suit was properly dismissed for lack of jurisdiction. *See Tex. Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

## III. Appellant's suit for mandamus under the PIA was properly dismissed because he sought relief not available and because he failed to meet the mandatory jurisdictional requirements of the PIA.

Appellant also sought declarations and a writ of mandamus under the PIA to compel the release of confidential records to him, including "those pertaining to the initial complaint and informant identity." CR.34. But, as with his other claims, he

17

failed to establish jurisdiction. Declarations are precluded by sovereign immunity, which "precludes a claim for declaratory relief against a governmental entity to either construe the TPIA or to construe the plaintiff's rights under the TPIA." *AIM Media Texas, LLC v. City of Odessa*, 663 S.W.3d 324, 335 (Tex. App.—Eastland 2023, pet. denied); *see also Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*, 586 S.W.3d 37, 55–57 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

Mandamus is precluded because uncontravened evidence established that the Commission searched for the requested information and either produced it if non-privileged or requested an Attorney General (AG) opinion if potentially privileged, demonstrated its willingness to supply public, non-privileged information, and complied with the AG decision. Appellant did not dispute this. Thus, the Commission "established as a matter of law that it was not refusing to supply public information" and "the district court lacked subject-matter jurisdiction over [Appellant's] section 552.321 mandamus claim." *City of El Paso v. Abbott*, 444 S.W.3d 315, 327 (Tex. App.—Austin 2014, pet. denied); *see also Johnson v. Bastrop Cent. Appraisal Dist.*, 657 S.W.3d 686, 693-94 (Tex. App.—El Paso[7] 2022, pet. denied), cert. denied 143 S.Ct. 2497 (2023).

---

[7] The El Paso Court of Appeals heard the case under docket equalization, and both the Texas Supreme Court and the United States Supreme Court denied petitions for review of that decision.

18

### A. Jurisdiction under PIA § 552.321(a)

To establish jurisdiction under § 552.321(a), Appellant must establish that the Commission (1) refused to request an opinion from the Attorney General, or (2) refused to supply public information, or (3) refused to supply information that the Attorney General has determined is public. The PIA:

> imposes a prerequisite to filing suit—specifically, a requestor may file suit *only* upon showing that the governmental body refuses to request an attorney general's decision, or refuses to supply public information or information that the attorney general has determined is public information.

*Johnson*, 657 S.W.3d at 693 (emphasis in original, internal citations omitted). The burden is on the requestor to establish this. *Id.* at 691. These are mandatory conditions imposed by the statute that must be met to establish jurisdiction under this provision. *Johnson*, 657 S.W.3d at 691; Tex. Gov't Code § 552.321(a). Statutory prerequisites are jurisdictional in suits against governmental entities and are properly asserted in a plea to the jurisdiction. *Id.; see also Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012); Tex. Gov't Code § 311.034.

### B. Appellant's mandamus claim was properly dismissed for lack of jurisdiction because the Commission established as a matter of law that it had not refused to supply public information

Appellant cannot—and does not—dispute that that the Commission requested AG decisions or that the Attorney General issued a decision affirming the

19

Commission's withholding of that information. CR.163-168 [Commissioners' Office request for AG decision], CR.178-189 [Legal Services' Office request for AG decision]. The CR.292-294 [AG Open Records Letter, Aug. 11, 2025]. So Appellant cannot establish mandamus jurisdiction using either of these conditions.

Nor can he establish jurisdiction under the third option: "refuses to supply public information." It should be noted that in this context, "refuse" does not equate to failure (which did not happen here anyway). *City of El Paso v. Abbott*, 444 S.W.3d at 324. Rather, "refuse" means to "show or express a positive unwillingness to do or comply with." *Id*. "Thus, under the plain language of section 552.321's waiver of immunity, a requestor must show that the governmental body is 'unwilling' to supply public information." *City of Galveston v. CDM Smith, Inc.*, 470 S.W.3d 558, 572 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *see also City of El Paso v. Abbott*, 444 S.W.3d at 324 (waiver of sovereign immunity under § 552.321(a) requires positive unwillingness to supply information; failure or omission does not meet this standard).

As set forth above, the Commission reviewed its records, located records responsive to Appellant's PIA request, then reviewed those records and segregated privileged from non-privileged and produced all non-privileged information—hundreds of pages of documents—to Appellant on May 27, 2025. CR.222 [TCEQ

Opps]; CR.227-267 [PIRCS]; CR.269-285 [Chief Clerk Affidavit]; CR.150 [PIA Req. 1], CR.156-157 [PIA Req Clarification], CR.159-175 [TCEQ May 13, 2025 Corr], CR.177-189 [TCEQ May 16, 2025 Corr], CR. 191-195 [TCEQ May 27, 2025 Corr], CR.140 [CID Screenshot].[8] Appellant does not dispute any of this.

What Appellant complains about is the withholding of *privileged* information. App. Br. at 9 (records withheld under litigation exception); CR.34 ("those pertaining to the initial complaint and informant identity"). This information is excepted from release under the PIA. "Information is excepted from [production under PIA requests] if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code § 552.101. The exceptions applicable here include the litigation exception, attorney-client privilege, work product privilege, and informer's privilege. Tex. Gov't Code §§ 552.101, .103, .107(1), and .111; CR.159-175, 177-189 (AG opinion letter requests describing materials and applicable exceptions).

Appellant contends that since the Commission has not yet filed suit against him, the "anticipated litigation" exception cannot apply. But Tex. Gov't Code § 552.103(a) and (c) except information from disclosure under the PIA "if it relates

---

[8] The Commissioners' Integrated Database (CID) is the publicly-available database in which the Commission tracks the status of pending matters and actions.

to litigation to which the state is or may be a party if the litigation is pending **or reasonably anticipated** on the date that the requestor applies for public information." (Citation modified, emphasis added). As the Texas Supreme Court has explained, one can reasonably anticipate litigation well before anyone files suit, indeed, even before anyone even states their intent to file suit:

> Common sense dictates that a party may reasonably anticipate suit being filed, and conduct an investigation to prepare for the expected litigation, before the plaintiff manifests an intent to sue.

*Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 204 (Tex. 1993). The Commission reasonably anticipates a need to enforce the order through civil litigation, both because Appellant has not complied with the order, and because Appellant has written that he probably won't comply with the order. CR.137, 152 [Morrell Emails]; App. Br. at 12. As the AG concluded, the Commission's anticipation that litigation will be necessary to enforce the order is reasonable. CR.292-294.

But in addition, Appellant openly states that he seeks the information specifically *for the purpose of anticipated litigation*. His petition admits that he "requests disclosure ... to ascertain whether the agency initiated its investigation ... in a manner ... tainted the very inception of the investigation, could further support the argument that any subsequent enforcement action derived from it was ultra vires." CR.31-32. There is no evidence that contravenes that the information

22

Appellant seeks relates to anticipated litigation, and so the information is excepted from disclosure under the PIA. Tex. Gov't Code § 552.103(a), (c).

The litigation exception exists to prevent requestors from using the PIA to obtain information relevant to litigation against the state outside of discovery processes.

> The primary purpose of the litigation exception is to enable governmental bodies to protect their position in litigation by requiring parties seeking relevant information to obtain it, if at all, through 'discovery' processes.

*Cornyn v. City of Garland*, 994 S.W.2d 258, 265 (Tex. App.—Austin 1999, no pet.).

Appellant had access to discovery during the contested case. *See* Tex. Gov't Code §§ 2001.081 (rules of evidence apply in contested cases), .091; *see also In re Texas State Bd. of Pub. Accountancy*, 303 S.W.3d 892, 894 (Tex. App.—Austin 2010, orig. proceeding, mandamus denied). Appellant may also have access to discovery in a future order enforcement proceeding. What he ***does not have*** is a right to obtain information outside of those processes by using the PIA as an end-around to the limitations on those processes. Tex. Gov't Code § 552.103(a), (c); *Cornyn v. City of Garland*, 994 S.W.2d at 265. Thus, the Commission did not abuse its discretion by withholding information related to its reasonably anticipated litigation enforcing the order against Appellant. This established as a matter of law that it was not refusing to supply public information and that the district court lacked jurisdiction over the

mandamus claim. *City of El Paso v. Abbott*, 444 S.W.3d at 327; *Johnson*, 657 S.W.3d at 690-691, 693-694.

As to the information Appellant truly wants, indeed, the only information he has specifically identified—the identity of the informer—the AG decision held the materials were properly withheld under the anticipated litigation exception, and so did not reach the more specific exceptions from disclosure. CR.163-168, 178-189, 292-294; CR.293 n.2. But this information is excepted from the PIA by not only the anticipated litigation exception, but also because it is confidential by law.

Tex. Gov't. Code § 552.101 provides that information is excepted from disclosure under the PIA "if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." The information regarding the person that reported Appellant's piles of tires is confidential under the Informer's Identity Privilege, which applies in both civil and criminal proceedings, and gives the Commission the privilege to refuse to disclose the identity of a person that furnishes information regarding an investigation of a possible violation of law. Tex. R. Evid. 508; *Aguilar v. State*, 444 S.W.2d 935, 937 (Tex. Crim. App. 1969); Tex. Att'y Gen. ORD 279 (1981) at 2.

The Informer's Identity Privilege has been acknowledged by courts for well over 50 years. *See Bosley v. State*, 414 S.W.2d 468, 470 (Tex. Crim. App. 1967)

(observing court was following well-established law in permitting officer to withhold informant's identity). No exceptions to the privilege apply here. The informer did not appear as a witness. Tex. R. Evid. 508(c)(1); CR.111 [PFD]. Nor did the fact-finder in the underlying proceeding, the SOAH ALJ, find that the informer's testimony would have been necessary to a fair determination of a material issue on the merits. Tex. R. Evid. 508(c); CR.107-125 [PFD]. The Commission did not violate the PIA by withholding the informant's identity from Appellant and the district court properly dismissed Appellant's suit for mandamus under the PIA because Appellant failed to meet its mandatory jurisdictional requirements. Tex. Gov't Code § 552.321(a); *City of El Paso v. Abbott*, 444 S.W.3d at 327; *Johnson*, 657 S.W.3d at 690-691, 693-694.

## IV. The district court properly dismissed the suit with prejudice because the pleadings affirmatively negate the existence of jurisdiction.

As set forth above, the jurisdictional defects of Appellant's case cannot be cured by repleading. There are no additional facts or law that Appellant could plead that could change that sovereign immunity bars his collateral attacks on the order, that he seeks an impermissible advisory opinion regarding Rule 328.60, or that the information the Commission withheld is excepted from release under the PIA. Thus, the district court's dismissal with prejudice was appropriate in this case. *State v. Lueck*, 290 S.W.3d 876, 884-886 (Tex. 2009) (dismissal with prejudice for lack of

25

jurisdiction proper where pleadings affirmatively demonstrate that plaintiff had not alleged violation under Whistleblower Act); *see also Miranda*, 133 S.W.3d at 227.

## CONCLUSION AND PRAYER

For these reasons the Commission respectfully asks this Court to affirm the district court's dismissal of Appellant's suit for lack of jurisdiction.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection Division

*/s/ Amanda Atkinson Cagle*
AMANDA ATKINSON CAGLE
Assistant Attorney General
Texas State Bar No. 00783569
Amanda.Cagle@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
ENVIRONMENTAL PROTECTION DIVISION
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
512-475-4002 | Fax: 512-320-0911

**ATTORNEYS FOR THE TEXAS
COMMISSION ON
ENVIRONMENTAL QUALITY**


## CERTIFICATE OF SERVICE

I certify that on November 20, 2025, a true and correct copy of the foregoing

***Brief of Appellee TCEQ*** was served on the persons listed below by email or through

electronic service.

Corey Morrell
8088 Park Lane, Apt. 608
Dallas, Texas 75231
texasmorrell@gmail.com

*Pro Se*

*/s/ Amanda Atkinson Cagle*
AMANDA ATKINSON CAGLE


## CERTIFICATE OF COMPLIANCE

I certify that the foregoing ***Brief of Appellee TCEQ*** contains 5,993 words and

therefore complies with the word limit found in Tex. R. App. P. 9.4(i)(2)(B).

*/s/ Amanda Atkinson Cagle*
AMANDA ATKINSON CAGLE
Assistant Attorney General

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Courtney on behalf of Amanda Cagle
Bar No. 783569
laura.courtney@oag.texas.gov
Envelope ID: 108293327
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Brief of Appellee TCEQ
Status as of 11/20/2025 2:42 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Corey Morrell | | texasmorrell@gmail.com | 11/20/2025 2:35:26 PM | SENT |
| Amanda Cagle | | amanda.cagle@oag.texas.gov | 11/20/2025 2:35:26 PM | SENT |
| Laura Courtney | | laura.courtney@oag.texas.gov | 11/20/2025 2:35:26 PM | SENT |